**SO ORDERED.**

**SIGNED this 11 day of June, 2020.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 20-01795-5-DMW |
| PENLAND HEATING AND AIR CONDITIONING, INC. | CHAPTER 11 |
| DEBTOR | |

**ORDER DENYING APPLICATION TO EMPLOY ATTORNEY**

This matter comes before the court upon the Trustee's Application to Employ Attorney ("Application") filed on May 15, 2020 by John G. Rhyne, Esq. ("Trustee"), Subchapter V trustee for Penland Heating and Air Conditioning, Inc. ("Debtor"). The court conducted a video hearing on June 10, 2020. The Trustee appeared on his own behalf, Clayton W. Cheek, Esq. ("Mr. Cheek") appeared for the Debtor, and Parker W. Rumley, Esq. appeared for the United States Bankruptcy Administrator ("BA"). Based upon the case record and representations of counsel, the court makes the following findings of fact and conclusions of law:

Background

On May 1, 2020, the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the United States Bankruptcy Code ("Subchapter V") and is operating as a debtor-

in-possession pursuant to 11 U.S.C. § 1184.  On May 4, 2020, the BA appointed the Trustee to serve as trustee in the case pursuant to 11 U.S.C. § 1183.

The Debtor operates a heating and air conditioning business that performs services throughout the state of North Carolina.  The Debtor is currently winding down its business and intends to file a plan to provide for the liquidation of its assets after completion of jobs in progress.

On May 27, 2020, the court entered an Order Authorizing Employment of Attorney for Debtor, allowing the Debtor's employment of Mr. Cheek and the Law Offices of Oliver & Cheek, PLLC as attorney to advise and represent the Debtor throughout the case.  In the Application, the Trustee seeks similarly to employ the law firm of John G. Rhyne, Attorney at Law to serve as attorney for the Trustee pursuant to 11 U.S.C. § 327(a).

## Discussion

Subchapter V was created as part of the Small Business Reorganization Act of 2019 ("SBRA"), enacted on August 23, 2019 and taking effect on February 19, 2020.  With the SBRA, "Congress intended to streamline the reorganization process for small business debtors because small businesses have often struggled to reorganize under chapter 11." *In re Ventura*, ___ B.R. ___, 2020 WL 1867898, at *7 (Bankr. E.D.N.Y. Apr. 10, 2020) (citing H.R. REP. NO. 116-171, at 1-2 (2019)).

Unlike in a traditional Chapter 11 case, the BA shall appoint a trustee in every Subchapter V case. *See* 11 U.S.C. § 1183(a).  The *Ventura* court summarized the Subchapter V trustee's duties enumerated in 11 U.S.C. § 1183(b) as follows:

> The subchapter V trustee will act as a fiduciary for creditors, in lieu of an appointed creditors' committee.  The subchapter V trustee is also charged with facilitating the subchapter V debtor's small business reorganization and monitoring the subchapter V debtor's consummation of its plan of reorganization.

*Ventura*, 2020 WL 1867898, at *7.  The role of a Subchapter V trustee is like that of a trustee in Chapters 12 and 13, and a Subchapter V debtor remains in possession of assets and operates the business. Paul W. Bonapfel, *A Guide to the Small Business Reorganization Act of 2019*, 93 Am. Bankr. L.J. 571, 582-83 (2019).

In his article, Judge Bonapfel recognizes that the SBRA does not restrict a Subchapter V trustee from employing attorneys and other professionals under 11 U.S.C. § 327(a); however, he cautions that—

> employment of attorneys or other professionals has the potential to substantially increase the administrative expenses of the case.  In view of the intent of the SBRA to streamline and simplify chapter 11 cases for small business debtors and reduce administrative expenses, courts may be reluctant to permit a sub V trustee to retain attorneys or other professionals except in unusual circumstances.

*Id.* at 591.  The Department of Justice's handbook for Subchapter V trustees instructs that a limitation of employment of professionals—

> is especially important in cases in which the debtor remains in possession and the debtor already has employed professionals to perform many of the duties that the trustee might seek to employ the professionals to perform.  The trustee should keep the statutory purpose of SBRA in mind when carefully considering whether employment of the professional is warranted under the specific circumstances of each case.

U.S. Dep't of Justice, *Handbook for Small Business Chapter 11 Subchapter V Trustees* 3-17–18 (2020).

At the hearing, the Trustee stated that he filed the Application as a matter of course but did not have any current need for legal representation in the Debtor's case.[1]  The court understands the desire to have professional employment secured, because this procedure is a prerequisite for compensation under 11 U.S.C. § 330(a); however, authorizing a Subchapter V trustee to employ

---

[1] The court routinely allows Chapter 7 panel trustees and Chapter 11 trustees to hire themselves and their law firms to provide legal services that are outside the scope of the administrative trustee duties.  The court has found allowing trustees to employ themselves or their firms provides an economical efficiency to case administration.

3

professionals, including oneself as counsel, routinely and without specific justification or purpose is contrary to the intent and purpose of the SBRA.[2]  In this case, the Debtor is operating in possession of its assets and has employed counsel to represent it in legal matters.  At this time and without further evidence, the Trustee does not need legal assistance to fulfill his basic duties to monitor and facilitate the Debtor's reorganization.  If during the case the Trustee identifies a specific need for the employment of an attorney or other professional, then the court will consider another request; now therefore,

It is ORDERED, ADJUDGED, and DECREED that the Application be, and hereby is, denied without prejudice.

END OF DOCUMENT

---

[2] The court cautions overzealous and ambitious Subchapter V trustees that unnecessary or duplicative services may not be compensated, and other fees incurred outside of the scope and purpose of the SBRA may not be approved.  The court absolutely does not imply that the Trustee in this case had even a remote thought of performing services outside the scope of the SBRA.  The Application was filed out of an abundance of caution and as a standard of practice like in Chapter 7 cases, and the court appreciates this opportunity to provide some guidance for this new legislation.